**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Mark Anthony Anderson<br><br>    Debtor. | Case No. 25-14514 MER<br><br>Chapter 7 |
| Sunbelt Rentals, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>Mark Anthony Anderson<br><br>    Defendant. | Adversary No. 25-01301 MER |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on the Motion for Summary Judgment ("**Motion**") filed by Plaintiff Sunbelt Rentals, Inc. ("**Sunbelt**").  There were no responses to the Motion.[1]

**BACKGROUND**

The following facts are undisputed.  Sunbelt commenced the instant adversary proceeding against Debtor/Defendant Mark Anderson ("**Anderson**") on October 21, 2025.  Anderson is the owner and operator of A and L Construction ("**A&L**") (collectively, the "**Anderson Parties**").  Pre-petition, A&L entered into an agreement with Sunbelt, under which Sunbelt agreed to extend commercial credit to A&L for the purpose of renting construction equipment ("**Credit Agreement**").  In return, A&L agreed to make timely payments to Sunbelt, and to pay Sunbelt for any lost, stolen, or damaged equipment.  Anderson personally guaranteed the Credit Agreement.

A&L rented equipment from Sunbelt from December 2023 to February 2024. The Anderson Parties did not make any payments towards the rentals.  Additionally, the Anderson Parties intentionally misused the equipment, which caused damages.  The Anderson Parties refused to pay for the equipment repairs.  As a result of the Anderson Parties' failure to make payments towards the rentals or the repairs, Sunbelt initiated a lawsuit against the Anderson Parties in the Jefferson County District Court ("**State Court**"), asserting claims for breach of contract, breach of guaranty, and fraud (the

---

[1] ECF No. 21.

"**State Court Case**").[2]  The Anderson Parties failed to respond to Sunbelt's complaint. On April 15, 2025, the State Court entered a default judgment against the Anderson Parties in the total principal amount of $234,612.86 ("**Default Judgment**").[3]  Anderson then filed the underlying bankruptcy case on July 21, 2026.  Sunbelt asserts the Default Judgment is excepted from Anderson's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## ANALYSIS

### A.    Applicable Standard

Pursuant to Fed. R. Civ. P. 56(c) (incorporated by Fed. R. Bankr. P. 7056), a court may award summary judgment only when there are no disputes as to any material fact and the movant is entitled to judgment as a matter of law.[4]  In applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the non-moving party.[5]  The movant bears the burden of demonstrating there is no genuine issue of material fact.[6]  If the moving party makes a prima facie case, the burden shifts to the non-moving party to set forth specific facts demonstrated by evidence, "from which a rational trier of fact" could find in its favor.[7] "Great circumspection is required where summary judgment is sought on an issue involving state of mind."[8]  If the nonmoving party fails to timely respond to the summary judgment motion, they waive the right to respond or to controvert the facts asserted.[9] "The court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment."[10]

---

[2] Case No. 2024CV031884, ECF No. 21, Ex. E, December 30, 2024, Complaint for Damages.  The breach of contract claim was alleged only against A&L, while the breach of guaranty claim was alleged against Anderson. The fraud claim was alleged against both Anderson Parties.

[3] ECF No. 21, Ex. H, April 15, 2025, Order Re: Motion for Default Judgment. This amount includes $189,321.41 in damages, $40,138.15 in interest through April 11, 2025, $4,685.50 in attorney's fees, and $467.80 in costs.

[4] *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

[5] *Schwartz v. Bd. Of Maint. of Way Emp.*, 264 F.3d 1181, 1183 (10th Cir. 2001).

[6] *Sports Unlimited Inc. v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002).

[7] *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000).

[8] *In re Tilly*, 286 B.R. 782, 792 (Bankr. D. Colo. 2002); *Gelb v. Board of Elections of City of New York*, 224 F.3d 149, 157 (2nd Cir. 2000) (summary judgment is generally inappropriate where there are issues of intent).

[9] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[10] *Id.* (citing *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001); *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990); *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1022 (11th Cir. 1988)); Fed. R. Civ. P. 56(e)(2).

2

**B.      Collateral Estoppel**

First, the Court will briefly discuss the application of collateral estoppel to the Default Judgment.  While Sunbelt obtained a judgment against Anderson for fraud, among other things, the Default Judgment does not have a preclusive effect on dischargeability under § 523(a)(2)(A) because those issues were not "actually litigated" in the State Court Case.[11]  "[C]ollateral estoppel attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment."[12]  Further, "collateral estoppel applies in bankruptcy courts only if the state court has made specific, subordinate, factual findings on the identical dischargeability issue in question."[13]  Collateral estoppel generally does not apply where a default judgment was entered against the defendant because they failed to participate from the outset of the case.[14]

None of the issues regarding the dischargeability of the Default Judgment were "actually litigated" in the State Court Case.  The Default Judgment was entered after Anderson failed to respond to Sunbelt's state court complaint.[15]  As such, it appears Anderson did not participate in the State Court Case at all prior to entry of the Default Judgment.  Furthermore, the Default Judgment does not contain any factual findings, let alone specific factual findings that are identical to those necessary to find a debt nondischargeable under § 523(a)(2)(A).[16]  Therefore, the Default Judgment does not have a preclusive effect on any issues in this proceeding other than to prove the existence of a debt owed to Sunbelt.

**C.      Sunbelt is not Entitled to Summary Judgment**

Sunbelt asserts one claim for relief under § 523(a)(2)(A), which excepts debts obtained by "false pretenses, a false representation, or actual fraud" from a debtor's discharge.  To establish a non-dischargeable claim under § 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation; (2) with intent to deceive the creditor; (3) the creditor relied on the false representation; (4) the creditor's reliance was

---

[11] See *In re Crespin*, 551 B.R. 886, 898 (Bankr. D.N.M. 2016) ("Giving the Default Judgment preclusive effect as to the claim on the debt but not as to its dischargeability is consistent with Tenth Circuit precedent and *Brown v. Felson*, and is mandated by the Full Faith and Credit Act, 28 U.S.C. § 1738).

[12] *In re Sukut*, 357 B.R. 840, 844 (Bankr. D. Colo. 2006) (quoting *Arizona v. California*, 530 U.S. 392, 414, 120 S.Ct. 2304, 147 L.Ed.2d 374 (quoting Restatement (Second) of Judgments § 27, at 250 (1982)).

[13] *In re Jensen*, 395 B.R. 472, 490 (Bankr. D. Colo. 2008).

[14] *Id.* ("Collateral estoppel does not apply to this case. The Plaintiff's judgment was entered by default and thus was not 'actually litigated . . .' In this case, it appears that Ms. Jensen merely defaulted by not participating in the state court proceeding . . . As a result, the doctrine of collateral estoppel is not applicable.").

[15] ECF No. 21, ¶ 21; ECF No. 21, Ex. A, Affidavit of Plaintiff, ¶ 22.

[16] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

justifiable; and (5) the false representation resulted in damages to the creditor.[17]  These elements must be proven by a preponderance of the evidence.[18]  "Because direct proof of intent is rarely available, scienter may be established through circumstantial evidence."[19]  Intent may be inferred where a debtor knowingly or recklessly makes false representations that he knows, or should know, will induce another to act.[20]  "A representation of the maker's own intent to do a particular thing is fraudulent if he does not have that intention at the time he makes the representation."[21]  In contrast, if at the time a debtor makes a promise he honestly intends to keep but later changes his mind or fails to carry out his expressed intention, there has been no misrepresentation.[22]  "This is true even if there is no excuse for the subsequent breach.  A debtor's statement of future intention is not necessarily a misrepresentation if intervening events cause the debtor's future actions to deviate from previously expressed intentions."[23]

In support of its claim, Sunbelt asserts that Anderson represented that he and A&L would pay for the equipment rented, for any damages thereto, and that Sunbelt relied on these representations.[24]  Sunbelt also asserts that Anderson knew these representations were false.[25]  However, Sunbelt does not allege facts nor provide evidence showing Anderson knew the representations were false at the time they were made.  For example, Sunbelt didn't provide bank statements showing that Anderson was incapable of paying for the equipment and repairs, despite his representations to the contrary.  The fact that Anderson was later unable to pay for the equipment and repairs does not prove he knowingly made false statements about his ability to pay at the time he signed the Credit Agreement.  Therefore, the Court concludes that Sunbelt has not met its burden to show it is entitled to summary judgment on its § 523(a)(2)(A) claim.

---

[17] *In re Bolling*, 600 B.R. 838, 848 (Bankr. D. Colo. 2019); *Fowler v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

[18] *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

[19] *Santiago v. Hernandez (In re Hernandez)*, 452 B.R. 709, 720-21 (Bankr. N.D. Ill. 2011) (quoting *Rezin v. Barr (In re Barr)*, 194 B.R. 1009, 1020 (Bankr. N.D. Ill. 1996)).

[20] *Id.* at 721.

[21] *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997) (quoting Restatement (Second) of Torts § 530(1)) (quotations omitted).

[22] *Id.* at 787.

[23] *Id.* (quoting 4 *Collier on Bankruptcy* ¶ 523.08 [1][d], at 523-43) (quotations omitted).

[24] ECF No. 21, ¶¶ 10-11, 16; ECF No. 21, Ex. A, ¶¶ 11-12, 25.

[25] ECF No. 21, Ex. A, ¶ 26.

## CONCLUSION

For the reasons stated above, the Court

ORDERS the Motion is DENIED.

Dated: July 31, 2026.

BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court