**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Mark Anthony Anderson<br><br>Debtor. | Case No. 25-14514 MER<br><br>Chapter 7 |
| Sunbelt Rentals, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Mark Anthony Anderson<br><br>Defendant. | Adversary No. 25-01301 MER |

**ORDER STRIKING ANSWER AND TO FILE**

This matter comes before the Court on the Orders to Show Cause (collectively the "**OSCs**") issued by the Court to the Debtor/Defendant Mark Anderson ("**Anderson**").[1]  There were no responses to the OSCs.

Plaintiff Sunbelt Rentals, Inc. ("**Sunbelt**") commenced the instant adversary proceeding on October 21, 2025.  Anderson filed his answer to Sunbelt's complaint on November 20, 2025.  On January 20, 2026, the Court issued an order to show cause ("**First OSC**"), directing Anderson to state, in writing, whether he consents to the entry of final orders and judgment by the Court.[2]  Anderson failed to respond to the First OSC by the February 3, 2026, deadline.  The Court held a status and scheduling conference on March 9, 2026.  During the hearing, Sunbelt advised the Court it had not received Anderson's initial disclosures.  As such, the Court ordered Anderson to submit his disclosures to Sunbelt and to respond to the First OSC by March 9, 2026.[3]  On March 9, 2026, Anderson filed a motion requesting the Court extend the deadline to submit his initial disclosures and respond to the First OSC to March 16, 2026, which the Court granted.  On April 24, 2026, Sunbelt filed a motion for summary judgment ("**Summary Judgment Motion**"), to which Anderson failed to respond.  A month later, the Court held a status conference, at which Anderson did not appear.[4]  During the hearing,

---

[1] ECF Nos. 9 & 26.

[2] ECF No. 9.

[3] ECF No. 16.

[4] ECF No. 24.

Sunbelt informed the Court it had not received Anderson's initial disclosures.  On June 8, 2026, the Court issued another order to show cause ("**Second OSC**"), directing Anderson to show cause as to why the Court should not issue sanctions against him for failing to comply with the First OSC and the Court's order to submit his initial disclosures to Sunbelt.  Anderson failed to respond to the Second OSC.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 37(b) (incorporated by Fed. R. Bankr. P. 7037), the court may, among other things, strike pleadings, in whole or in part, of a party who fails to obey an order to provide or permit discovery.[5]  Before imposing severe sanctions, such as striking a defendant's answer, courts consider the factors  outlined in *Ehrenhaus v. Reynolds* ("**Ehrenhaus**"), including: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for its noncompliance; and (5) the efficacy of lesser sanctions.[6]  These factors should be considered as guideposts, and not all of them must be satisfied before imposing sanctions.[7]

### 1.     The Degree of Actual Prejudice to Sunbelt

The first factor courts consider when deciding to impose sanctions is the degree of actual prejudice to the non-offending party.  Sunbelt has been prejudiced by Anderson's actions.  Indeed, Anderson did not provide Sunbelt with his initial disclosures, nor any other requested discovery materials.  As a result, Sunbelt had to file its Summary Judgment Motion without these materials.  Anderson then failed to respond to the Summary Judgment Motion.  Anderson's failure to provide discovery, respond to the Summary Judgment Motion, and respond to the OSCs has left this proceeding pending for several months with little progress.  As such, the Court concludes Sunbelt has been prejudiced and that this factor weighs in favor of striking Anderson's answer.

### 2.     The Amount of Interference with the Judicial Process

The second factor courts consider is the amount of interference with the judicial process.  Anderson's failure to comply with the Court's orders has interfered with the judicial process.  As the Court previously stated, Anderson's actions forced Sunbelt to file the Summary Judgment Motion without the documents it had requested from him and have caused this proceeding to remain pending for nearly ten months with little progress. Therefore, the Court finds this factor weighs in favor of striking Anderson's

---

[5] Fed. R. Civ. P. 37(b)(2)(A)(iii).

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916,921 (10th Cir. 1992); *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) ("Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment."); *Garner v. Cincinnati Insurance Co.*, 2025 WL 3088945, at *4 (D. Utah Nov. 5, 2025).

[7] *S.B. Inc.*, 280 F.R.D. at 610.

answer.

### 3.    The Culpability of the Litigant

The third factor is the culpability of the offending party.  Here, the failure to respond to the OSCs and provide discovery is entirely Anderson's.  The Court informed Anderson of his failure to respond to the First OSC and ordered him to provide his initial disclosures at a hearing attended by both parties.  Anderson was aware he was required to respond to the First OSC and provide his disclosures because he requested more time to do so.  Despite receiving an extension of the deadline to respond to the First OSC and to provide disclosures, Anderson failed to do either.  Anderson further failed to appear at a subsequent status conference, respond to the Summary Judgment Motion, or respond to the Second OSC.  Anderson has provided no explanation for these failures.  As such, the Court concludes this factor weighs in favor of striking Anderson's answer.

### 4.    Warning of Sanctions

The fourth factor is whether the Court warned the offending party of the possibility of the potential sanctions.  In the Second OSC, the Court warned Anderson that "[f]ailure to respond may result in sanctions."[8]  Therefore, the Court finds this factor weighs in favor of imposing sanctions.

### 5.    Efficacy of Lesser Sanctions

The final factor courts consider is whether a less severe sanction is available.  The Court does not believe a lesser sanction is available in this case.  Anderson is a debtor in bankruptcy.  As such, the Court does not believe monetary sanctions are appropriate.  The Court also concludes that staying the proceeding is inappropriate because doing so would only prejudice Sunbelt.  Prohibiting Anderson from supporting or opposing certain claims or defenses would also be inappropriate because Anderson has failed to otherwise defend this proceeding.  As such, the Court concludes the most appropriate sanction for Anderson's noncompliance is to strike his answer and permit Sunbelt to seek clerk's entry of default and entry of a default judgment in accordance with Fed. R. Bankr. P. 7055 and L.B.R. 7055-1.

Given the above, the Court concludes all of the *Ehrenhaus* factors weigh in favor of imposing sanctions on Anderson, including striking his answer and permitting Sunbelt to seek clerk's entry of default and file a motion for default judgment.

---

[8] ECF No. 26.

**CONCLUSION**

Given the above, the Court

ORDERS Anderson's Answer is hereby STRICKEN.  The Court

FURTHER ORDERS Sunbelt shall file a motion for entry of a clerk's default on or before **August 7, 2026**.

Dated July 31, 2026

BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

4